**UNITED STATES, Appellee,**

v.

**Specialist Four Alan R. FOUST, SSN 389–66–1868, United States Army, Appellant.**

**CM 441906.**

U. S. Army Court of Military Review.

5 Nov. 1982.

Major Raymond C. Ruppert, JAGC, Captain Joseph A. Russelburg, JAGC, and Captain Gunther O. Carrle, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Andrew D. Stewart, JAGC, and Captain Mark S. Julius, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Appellant was convicted by a general court-martial, contrary to his pleas, of wrongful possession and transfer of marihuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for one year, forfeiture of $493.00 pay per month for twelve months and reduction to Private E–1. The convening authority approved the sentence.

Among the errors raised by appellant in his brief and request for appellate representation, only two warrant discussion. Appellant contends that his motion to suppress evidence obtained during two commander-authorized searches of his and another soldier's quarters was improperly denied because the commander based his search authorization on unsworn information. He also contends that a laboratory report and attached documents establishing that the seized substances were marihuana were improperly admitted because appellant was unable to cross-examine the chemist who prepared it. We hold that both contentions are nonmeritorious.

The facts pertinent to resolution of appellant's first contention are uncontested. On 15 June 1981, agents from the Joint Drug Suppression Team at Fort Wainwright, Alaska, obtained marihuana belonging to appellant through three separate transactions. The first was by the controlled purchase of one bag of marihuana out of a cache of seven from a Specialist Fox to whom appellant had given the drugs for resale. The second was by a commander-authorized search for and seizure of the remaining six bags from Fox's apartment. The third was by another commander-authorized search for and seizure of four other bags of marihuana from appellant's apartment.

Initially, we hold that appellant has no standing to attack the unlawfulness

832

of the first search as he had no expectation of privacy in Fox's apartment. *United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *United States v. Sherman,* 13 M.J. 978 (ACMR 1982). Therefore, the six bags of marihuana seized from Fox were admissible even if the search of his apartment was unlawful. Moreover, although the information upon which the commander based his authorization for both searches was unsworn and, for that reason, contrary to an Army regulation[1] in effect at the time, we find no constitutional or statutory basis for applying the exclusionary rule. *See United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *United States v. Holsworth,* 7 M.J. 184 (CMA 1979). The regulation was designed to provide guidance to commanders issuing search authorizations to enable them to comply with the Court of Military Appeals' holding in *United States v. Fimmano,* 8 M.J. 197 (CMA 1980). It did not purport to establish a right of exclusion greater than and independent of the holding of *Fimmano.* When *Fimmano* was reversed by the subsequent holding in *United States v. Stuckey,* 10 M.J. 347 (CMA 1981), the underlying basis for the regulatory provision was obviated and it was eventually superseded.[2] Under the circumstances, the commander's failure to administer an oath amounts to a procedural irregularity and is not such an infringement of a basic right as to warrant exclusion of the evidence.

 We further find that the admission of the laboratory report and attached documents establishing that the substances introduced into evidence were marihuana was proper. At trial, appellant based his objection to admission of the documents on chain of custody, relevancy and hearsay grounds. We are satisfied that each of these alleged impediments was fully evaluated by the military judge and properly rejected. *See*

Mil.R.Evid. 803(6). The trial defense counsel did make a passing remark to the effect that he did not have the opportunity to cross-examine the chemist concerning his analysis of the substances. However, he never requested him as a witness nor did he claim that the chemist's absence from trial made the documents inadmissible. Under the circumstances, we find that the trial defense counsel never objected with sufficient specificity to warrant our cognizance of this matter on appeal. Mil.R.Evid. 103(a)(1).

We have considered all other errors raised by appellant and find them to be without merit.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge FOREMAN concur.

---

1. Army Reg. 27–10, Legal Services—Military Justice, paragraphs 5–9 and 14–3 (Change 20, 15 August 1980).

2. *See* Army Reg. 27–10, *supra* (Interim Change IO4, 8 January 1982); Army Reg. 27–10, *supra,* paragraph 9–8 (1 September 1982, effective 1 November 1982).