UNITED STATES, Appellee,

v.

Private (E–1) Steven R. BOLLERUD,
SSN 397–84–0903, United States
Army, Appellant.

CM 442328.

U.S. Army Court of Military Review.

7 July 1983.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain David M. England, JAGC, and Captain Paul J. Moriarty, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Senior Judge:

The appellant was convicted of wrongfully possessing 278 grams of marijuana with the intent to sell it, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence to a bad-conduct discharge, total forfeitures and confinement at hard labor for one year was approved by the convening authority.

The marijuana in question was discovered in the appellant's wall locker pursuant to a search authorized by First Lieutenant Kathryn Lindsay, the appellant's company commander. The search was precipitated by a report by Private Joseph Morales, the appellant's roommate, that he had observed marijuana in the wall locker. In fact, Morales stated that he had placed it there at the appellant's request. Morales made his report to a Sergeant First Class Brown, a platoon sergeant in the company, who relayed it to First Sergeant Ronald Schwiegerath. First Sergeant Schwiegerath, in turn, gave the information to Lieutenant Lindsay who then authorized him to conduct a search of the wall locker.[1]

The appellant, relying essentially on *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), contends that Lieutenant Lindsay's authorization to search was not based on probable cause. The Supreme Court in *Aguilar* held that a magistrate may authorize a search based on hearsay information from an informant, but before doing so he

> must be informed of some of the underlying circumstances from which the informant concluded that the [goods] were where he claimed they were and some of the underlying circumstances from which the officer [requesting the search warrant] concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.'

*Id.* at 114, 84 S.Ct. at 1513. However, in a decision rendered after the trial of the in-

---

1. None of the parties made his statement under oath. This is not fatal, however, for the reasons set forth in *United States v. Foust,* 14 M.J.

830 (A.C.M.R.1982), *pet. granted,* 15 M.J. 379 (CMA 1983).

stant case, the Supreme Court abandoned *Aguilar* as a *per se* test and reaffirmed "the totality of the circumstances analysis that traditionally has informed probable cause determinations." *Illinois v. Gates,* —— U.S. ——, ——, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527 (1983). Notwithstanding *Gates,* the spirit of *Aguilar* lives on in the Military Rules of Evidence. Military Rule of Evidence 315(f)(2), a concise adaptation of *Aguilar,* provides pertinently:

> Before a person may conclude that probable cause to search exists, he or she must first have a reasonable belief that the information giving rise to the intent to search is believable and has a factual basis. A search authorization may be based upon hearsay evidence in whole or in part.

We are satisfied under either test that Lieutenant Lindsay based her authorization to search on probable cause. As to the basis of knowledge, the information was that Morales actually saw the marijuana or at least vegetable matter that he believed to be marijuana. As to the second prong, it might be argued that Morales or his information is presumed to be reliable because he was acting as a good citizen in reporting the crime. *United States v. Schuring,* 16 M.J. 664 (A.C.M.R.1983); *United States v. Dingwell,* 1 M.J. 594, 598 (A.C.M.R.1975), and cases cited therein. In the instant case, however, there is testimony to the effect that Morales was more than a citizen informer and was in fact acting as an informer for the local criminal investigators. Notwithstanding, we are satisfied that the information available to Lieutenant Lindsay was sufficient to establish Morales' reliability.

The facts provided by First Sergeant Schwiegerath to Lieutenant Lindsay are insufficient by themselves to establish the informant's reliability. However, Lieutenant Lindsay was not limited to that information. She had personal knowledge of Morales and of the appellant which may be considered in determining probable cause. *See United States v. Lidle,* 21 U.S.C.M.A. 455, 45 C.M.R. 229 (1972); *United States v. Miller,* 21 U.S.C.M.A. 92, 44 C.M.R. 146 (1971). Lieutenant Lindsay knew that Morales had earlier received nonjudicial punishment for possession of marijuana and that he wished to assist the criminal investigators in order to rehabilitate himself. She knew that he had a good disciplinary record after the earlier incident. She knew that Morales was the appellant's roommate and had previously provided information that the appellant was in possession of marijuana.[2]

Lieutenant Lindsay also knew that Morales had told First Sergeant Schwiegerath that he had, at the appellant's request, placed the marijuana in the appellant's wall locker. *See, e.g., United States v. Azelton,* 49 C.M.R. 163, 167 (ACMR), *pet. denied,* 23 U.S.C.M.A. 628, 49 C.M.R. 889 (1974) (a statement against penal interest is evidence of reliability).[3] Finally, Lieutenant Lindsay was aware of the appellant's reputation for being involved with marijuana. *See United States v. Gamboa,* 23 U.S.C.M.A. 83, 48 C.M.R. 591 (1974).

In conclusion, we are satisfied that Lieutenant Lindsay properly authorized the search upon a showing of probable cause.

We have considered the remaining assignments of error and have decided them adversely to the appellant.

The findings of guilty and the sentence are affirmed.

Judge FOREMAN and Judge WERNER concur.

---

**2.** No action was taken on this information because several days had elapsed before Lieutenant Lindsay received the information.

**3.** The fact that Morales made a statement to his first sergeant is itself significant as it was made to a person "who can be presumed to have a truth-telling effect on his subordinate." *United States v. Land,* 10 M.J. 103, 107 (C.M.A. 1980) (Fletcher, J., concurring) (citation omitted).